STATE *v.* RUM, WHISKEY, AND GIN.                    | 51  373|
                                                     | 68  502|

Section 23, chapter 99 of the General Statutes, provided that intoxicating liquors kept for sale in violation of law may be seized, and upon due proceedings adjudged forfeited, but omitted to point out the mode in which such liquors should be disposed of after the decree of forfeiture. *Held,* that upon proper preliminary proceedings, and proof of an illegal keeping for sale, a valid decree of forfeiture might pass; and that the liquors thus forfeited might legally be disposed of according to the provisions of an act passed subsequently to the seizure.

On the fourth day of April, 1868, D. Warren Cogswell, of Henniker, in said county, filed a libel in the office of the clerk of the supreme judicial court for said county; and thereupon a warrant was issued, directed to the sheriff of any county in this State, or his deputy,

reciting said libel, and requiring him to seize and take into his custody the property named in said libel, and safely detain the same until legally disposed of. That said warrant was duly executed on May 2, 1868; and due notice of said libel was given to the owner of said property, and all others interested, to appear at said court, on the first Tuesday of October, A. D. 1868, and show cause why said liquors and barrels should not be decreed forfeited.

The cause was continued from time to time to the present time, when, upon default of the owner and all persons interested, it appeared that the said liquors were kept for sale in violation of law; and the court thereupon decreed that the same be forfeited; to which the owner excepted, upon the ground that there was no law authorizing a decree of forfeiture in said cases existing at the time of such seizure, and that therefore the court had no jurisdiction to make such a decree.

*Flint, Solicitor,* for the State.

*Eastman, Page & Albin,* for the claimant.

LADD, J.   Any spirituous liquors kept for sale in violation of law, with the casks, &c., containing the same or used in the sale thereof, may be seized, upon a warrant issued by a justice or police court, founded upon a complaint charging the same, and upon due proceedings may be adjudged forfeited, and disposed of according to law.   Gen. Stats., ch. 99, sec. 23.

Chapter 249 of the General Statutes prescribes in general terms the mode of procedure to procure a condemnation of any personal property which is forfeited for any violation of law.

The court found that the liquors proceeded against here were kept for sale in violation of law, and decreed that the same be forfeited, exactly in accordance with the mandate of the statute above quoted.   Thereupon a claimant appeared, and excepted on the ground that there was no law authorizing such decree at the time of the seizure.   The seizure was made May 2, 1868.   The General Statutes went into effect January 1, 1868.   Wherein was the law defective?   It is said that, either by design or mistake, the provisions of the act of 1855 in regard to the disposition of the property are omitted in the General Statutes, and therefore no judgment of forfeiture can be rendered.

It is true those provisions were omitted; but the conclusion does not follow.   The proceeding is *in rem.*   The legislature have declared the conditions under which the thing shall be adjudged forfeited.   They might go further, and prescribe the mode of disposing of it after forfeiture or not, as they chose.   Their omission to do so does not in the least concern the former owner.   His title is annulled and gone, by operation of law, whenever the thing is brought within the legislative ban by being kept for sale in violation of law.

In case of forfeiture of goods or land, from high treason down to a misdemeanor for selling an office, where no other provision is made by

law, the title to the thing forfeited vests in the State. Com. Dig., Forfeiture B. C.; 1 Bl. Com. 299; *Rex* v. *Malland,* Str. 828; Co. L. 391, *a.* What disposition the State may afterwards make of the goods, whether by a general law, or by special direction in each particular case, is of no consequence; and it is quite immaterial, so far as the rights of the claimant are concerned, whether the liquors forfeited in this case be disposed of in accordance with the provisions of the law of 1870, or in some other way.

This disposes of the only question raised by the case. Several other objections were taken by counsel in argument relating to the preliminary proceedings, which we have looked at, although we are not called on to decide them. (1) The objection that the libel does not show that the liquors, &c., were originally seized on a warrant issued by a justice of the peace or police court, as required by law, is obviated by an amendment of the libel. (2) It was objected that the libel was not commenced without unnecessary delay after the seizure, as required by law. The answer to this is, that whether the libel was seasonably commenced involves a question of fact, which must have been passed upon and found in the affirmative by the court before the forfeiture was decreed. (3) It was objected that the description of the property in the libel was insufficient. This objection comes after the close of the proceedings which ended in a decree of forfeiture, and stands on much the same footing as a motion in arrest of judgment. At all events, no question can now be raised except whether the description is sufficient to form the basis of a valid judgment.

The decree must, doubtless, follow the allegations as well as the proof. The allegation is, in substance, that the officer seized and now detains " one and about two thirds of a barrel of rum; about half a barrel of whiskey," &c., the exact quantity of liquor not being given; and this is the defect insisted on.

We see no substantial grounds for this objection. The identity of the property is as well ascertained as though the exact quantity in each case were given; and whether there is or is not a defect in the description, of which advantage could have been taken at any stage of the proceedings, we are satisfied that the judgment could not on that account be disturbed, even if the exception were properly before us at this time.

The material fact that the liquors were kept for sale in violation of law, which constitutes the essence of the offence for which they are forfeited, is distinctly alleged in the libel in the terms of the statute, and we do not decide that that would not be sufficient had the objection been taken at any stage or in any form.

*Decree of forfeiture affirmed.*